IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DYLAN MARDIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 2:08-CV63 |
| ) | |
| HANNIBAL PUBLIC SCHOOL ) | |
| DISTRICT #60, ) | |
| ) | |
| and ) | |
| ) | |
| JILL JANES, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

**COME NOW** Defendants Hannibal Public Schools #60 ("the District") and Jill Janes ("Dr. Janes"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for their Motion to Dismiss state as follows:

### BACKGROUND

1. On October 24, 2006, Plaintiff Dylan Mardis ("Plaintiff"), a high school student in the District at the time, drafted and delivered electronic communications to another District student stating he wanted to bring a gun to school and kill certain classmates.

2. On October 24, 2006, Plaintiff was arrested by local law enforcement. From October 24, 2006, through February 9, 2007, Plaintiff was placed in juvenile detention.

3. On October 31, 2006, a District principal suspended Plaintiff for ten days for drafting and delivering emails to another District student stating he wanted to bring a gun to school and kill certain classmates. On November 3, 2006, Dr. Janes extended Plaintiff's suspension for the remainder of the 2006-2007 school year.

1

4. On November 13, 2006, during the time Plaintiff was in juvenile detention, Plaintiff's parents appealed Dr. Janes' suspension to the District Board of Education ("Board").

5. On February 21, 2007, after Plaintiff's release from juvenile detention, a hearing was held before the Board to determine whether Dr. Jane's long-term suspension of Plaintiff was appropriate. The Board subsequently voted to uphold Plaintiff's long-term suspension.

6. Plaintiff returned to the District in August 2007, upon the completion of his suspension. After obtaining all the necessary credits, Plaintiff graduated from the District on January 11, 2008, having earned his high school diploma.

7. On March 14, 2007, Plaintiff filed suit in the Circuit Court of Cole County, Missouri, seeking judicial review of Plaintiff's long-term suspension by the District's Board of Education.

8. On April 1, 2008, the Circuit Court of Cole County ordered this matter transferred to the Circuit Court of Marion County.

9. On November 17, 2008, the Circuit Court of Marion County granted Plaintiff's Motion for Leave to file his First Amended Petition, and transferred this matter to the Circuit Court of Monroe County.

10. On November 26, 2008, Defendants removed the matter from the Circuit Court of Monroe County to this Court.

**ARGUMENT**

11. Count I of Plaintiff's First Amended Petition alleges the Board's decision was not based upon substantial and competent evidence in the record and requests judicial review of the District's decision to place Plaintiff on long term suspension.

12. Plaintiff's graduation from the District renders his Petition for review of the District's disciplinary decision moot. The issue of mootness represents a threshold question as to the justiciability of one's claims. *Thruston v. Jefferson City Sch. Dist.*, 95 S.W.3d 131, 134 (Mo. App. 2003).

13. A matter becomes moot when a plaintiff seeks judgment upon a matter, which would have no practical effect on the present controversy. *Id.* (stating a matter should be dismissed when an event occurs that makes it impossible for the court to grant effectual relief); *Thruston*, 95 S.W.3d at 134.

14. Plaintiff's completion of the terms of his suspension and earning a diploma renders his Petition moot, as any judgment in his favor *would have no practical effect* upon Plaintiff. *Shaw v. Park Hill R-V Sch. Dist.*, 630 S.W.2d 610 (Mo. App. 1982). As it is clear that any judgment this Court could render would have no practical effect, the Plaintiff's claim is moot as a matter of law, and should be dismissed accordingly.

15. Additionally, Count II of Plaintiff's First Amended Petition claims the District's disciplinary decision violated his United States and Missouri constitutional rights.

16. Plaintiff's electronic communications were not protected under the First Amendment, as such speech qualified as "true threats," which are *per se* unprotected speech, regardless of where the speech occurred. *See generally Morse v. Frederick*, 127 S.Ct 2618, 2629 (2007); *Doe v. Pulaski County Sp. Sch. Dist.*, 306 F.3d 616 (8th Cir. 2002); *see also Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 769 (5th Cir. 2007).

17. Alternatively, the District was permitted to discipline Plaintiff for his electronic communications under the *Tinker* test for substantial disruption. *See generally Tinker v. Des Moines Indep. Comty. Sch. Dist.*, 393 U.S. 503 (1969).

18. As the threats made by Plaintiff caused a substantial disruption to the school environment, via numerous phone calls, questions, and increased security measures, the District was permitted, under *Tinker*, to discipline Plaintiff accordingly.

19. In Count II, Plaintiff also seeks recovery under Title 42 U.S.C. § 1983 ("Section 1983") for alleged violations of the Missouri Constitution. As a suit under Section 1983 can only remedy a violation of federal rights, any violation of state or local rights is irrelevant. *Holloway v. Reeves*, 277 F.3d 1035, 1038 (8th Cir. 2002). Consequently, Plaintiff's assertion of a violation of the Missouri Constitution does not state a claim under Section 1983.

20. Moreover, to the extent Plaintiff has plead in Count II any procedural or substantive Due Process rights violation, such claims fail as a matter of law, as Plaintiff received all the procedural due process rights afforded him under the District's discipline policies and procedures, and the District has not engaged in any action sufficient to "shock the conscience," so as to violate Plaintiff's substantive due process rights. *See Goss v. Lopez*, 419 U.S. 565, 579 (1975) (discussion of procedural due process rights); Mo. Rev. Stat. §§ 167.161, .171; *see also Shrum ex rel Kelly v. Kluck*, 249 F.3d 773, 779 (8th Cir. 2001) (discussing substantive due process rights standard).

21. Additionally, any possible allegation in Count II regarding the unconstitutionality of Missouri Revised Statutes, §§ 167.161 and 167.171 fails as Plaintiff failed to follow the procedure Federal Rule of Civil Procedure 5.1, which requires the notification of the Missouri Attorney General for any challenge to Missouri statutes.

22. All claims against Dr. Janes should be dropped, as Plaintiff cannot plead any separate cause of action against her. First, Plaintiff has failed to sue Dr. Janes in her individual capacity. As a result, the claims against her must be against her in her official capacity, which

are considered redundant to the claims against the District.  Therefore, Plaintiff's Section 1983 claim against Dr. Janes in her official capacity must be dismissed as it is "redundant to the claim against the School District."  *See also Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

23.	Moreover, Dr. Janes is entitled to qualified immunity, as she is a public official and her actions did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.  *Bradford v. Huckabee*, 330 F.3d 1038, 1040 (8th Cir. 2003).

24.	Finally, in Count I Plaintiff purports to seek a review of the District's disciplinary decision.  The only necessary party to his administrative review, pursuant to the Missouri Administrative Procedures Act, §§ 536.100-.150, is the agency who made the final decision – the District.  *See Clark v. Bd. of Dir. of Sch. Dist. of Kansas City*, 915 S.W.2d 766, 773 (Mo. App. 1996).  Consequently, Dr. Janes is not an appropriate party to Count I, and should be dismissed accordingly.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and those more specifically set forth in Defendants Memorandum in Support filed simultaneously herewith, Defendants Hannibal Public Schools #60 and Jill Janes pray this Court grant Defendants' Motion to Dismiss, and enter an Order dismissing Plaintiff Dylan Mardis' Petition with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MICKES GOLDMAN O'TOOLE, L.L.C.**

  /s/ Joseph M. Wientge, Jr.
Teri B. Goldman, #37883
tgoldman@mickesgoldman.com
Joseph M. Wientge, Jr., #57494
jwientge@mickesgoldman.com
555 Maryville University Drive, Suite 240
St. Louis, Missouri 63141
Office: (314) 878-5600/Fax: (314) 878-5607

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via CM/ECF Filing on this 3rd day of March, 2009, upon the following:

Branson L. Wood III
1001 Center St.
P.O. Box 1014
Hannibal, Missouri 63401
ATTORNEYS FOR PLAINTIFFS

  /s/ Joseph M. Wientge, Jr.