IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **DJM,** by his Next Friend, **DM,** and **DM and JM**, individually,<br>            Plaintiffs,<br>v.<br><br>**Hannibal Public School District #60** and **Jill Janes**,<br>            Defendants. | Cause No. 2:08-CV63 |

# Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss

The defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be overruled because the First Amended Petition is a short, plain statement of a claim showing that the plaintiffs are entitled to relief as required under the provisions of Rule 8 of the Federal Rules of Civil Procedure.  The Motion to Dismiss under Rule 12(b)(6) should be overruled.

### Standard for Motion to Dismiss

The defendants' Motion under Rule 12(b)(6) is addressed to the sufficiency of the complaint (in this case, First Amended Petition).  The Motion to Dismiss must be overruled if the complaint contained "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp*. *v. Twombly*, 550 U.S. 544, 127 Sup. Ct. 1955 (1974); 167 L.Ed. 2d 929 (2007).  The *Bell Atlantic Corp*. case abrogated the "no set of facts" standard which was applied for more than fifty years.  Although the bar has been raised, it is clear that the complaint does not need detailed factual allegations.  *Bell Atlantic Corp*., 127 Sup. Ct. at 1965.  It is sufficient if factual allegations are "enough to raise the right to relief above the speculative level."  *Bell Atlantic Corp*., 127 Sup. Ct. at 1964-1965.

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.        Cause No. 2:08-CV63

This Court has applied the new standard in the recent case of *The Friday Group v. Ticketmaster*, slip copy 2008 WL 5233078 (E.D. Mo.).  Many of the longstanding principals for evaluating a Rule 12(b)(6) motion remain unchanged.

> "Rule 8(a) of the Federal Rules of Civil Procedure requires 'a short and plain statement of the claims' that 'will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.' Fed.R.Civ.P. 8(a).  In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally and in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp*., 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servis., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005).  Additionally, the Court 'must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).'" *Friday v. Ticketmaster*, supra.

Applying these standards to the case at bar, the defendants' Motion to Dismiss should be overruled.  Viewing the allegations liberally in the light most favorable to the plaintiffs and drawing all reasonable inferences in favor of the plaintiffs, the First Amended Petition in this case does contain "enough facts to state a claim to relief that is plausible on its face."  The factual allegations in the First Amended Petition are "enough to raise the right to relief above the speculative level."  The Motion to Dismiss should be overruled.

### First Amended Petition

The First Amended Petition in this case consists of 23 numbered paragraphs.  The action has been brought against Hannibal Public School District #60 and Jill Janes who is the superintendent of Hannibal Public School District #60.  The case arises out of an October 31, 2006, suspension based upon an allegation that DJM had made threats toward students that disrupted conduct.  (First Amended Petition ¶¶8 and 9).  The First Amended

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.            Cause No. 2:08-CV63

Petition states, "The alleged threats which formed the basis of the suspension were out of school, private internet instant message communications which were not true threats." (First Amended Petition ¶23a). It is further alleged that the provisions of the Student Handbook under which the suspension was imposed "are overly broad, vague, do not give reasonable notice of the prescribed conduct and infringe upon protected free speech." (First Amended Petition ¶23b). Plaintiffs have alleged that the defendants failed and refused to consider constitutional objections. (First Amended Petition ¶24). The plaintiffs are seeking redress in two counts. Count I is a claim for administrative review under the express provisions of Sections 167.161 and 167.171 RSMo. In Count II plaintiffs are seeking relief for federal civil rights violations under 42 USCA Section 1983. The federal civil rights claim has been filed against both Hannibal School District #60 and the superintendent, Jill Janes. Jill Janes is named individually as a defendant and the WHEREFORE clause of Count II seeks damages against both defendants.

### Count I not Moot

Count I of the First Amended Petition is a petition for administrative review under the express provisions of Sections 167.161 and 167.171. Plaintiffs have asked for a judicial review and "an order rescinding said suspension." The defendants argue that this claim has been rendered moot by the completion of the suspension and graduation from high school. This argument was rejected by the trial judge in the State Court before this case was removed to Federal Court. Mootness was first raised in a Motion to Dismiss failed the 15th day of February, 2008. The allegation of mootness was raised again in a Motion for Reconsideration filed in the Circuit Court in Cole County on the 24th day of April, 2008. The case was then transferred to the Circuit Court of Marion County on a Request for Change of Venue by the defendants. The issue of mootness was raised again in a Motion to Dismiss filed in the Circuit Court of Marion County on the 24th day of October, 2008. The Motion to Dismiss has been rejected repeatedly by both State court trial judges who have ruled the issue. The defendants are attempting to raise the issue of mootness again. It should be overruled again.

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.            Cause No. 2:08-CV63

A part of the relief sought in Count I of the First Amended Petition is an order rescinding the suspension. The effect of this would be to remove the suspension from DJM's school records. At page 4 of the Motion to Dismiss filed February 15, 2008 and at page 7 of their Motion for Reconsideration filed in the Circuit Court of Cole County on April 24, 2008, the defendants admitted that "a judgment rescinding the suspension would require the District to alter one internal record." Missouri statutes give plaintiffs a right to seek administrative review. This includes a right to have the suspension removed from DJM's school record. The issue is not moot.

The Motion to Dismiss based upon allegations of mootness is inconsistent with Missouri substantive law. *Knapp v. Junior College Dist. of St. Louis County, Mo.*, 879 SW2d 588 (Mo.App. E.D. 1994). *Knapp* held that judicial review of suspension was not mooted where, among other things, the case could have resulted in expungement of the suspension from college records. The court stated,

> "Her requests for relief constitute a continuing valid justiciable controversy. Her request for an injunction reversing the suspension is not moot because she sued after the suspension period expired, but reference to the suspension remains on her record." *Id*. at 594.

Based upon the authority in *Knapp*, the Motion to Dismiss for mootness should be overruled.

The case upon which defendants rely is distinguishable. In *Shaw v. Park Hill R-V School District*, 630 SW2d 610 (Mo. App. W.D. 1982), the court dismissed as moot a suit for an injunction against a ten day suspension. In *Shaw*, the plaintiff sought an immediate restraining order, a temporary injunction and a permanent injunction. That is all of the relief that was requested in *Shaw*. In DJM's case we have appealed the administrative action and asked the Court to rescind it. Even the defendants concede "a judgment rescinding the suspension would require the district to alter one internal record."

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.                    Cause No. 2:08-CV63

### First Amended Petition Alleges a Violation of First Amendment Rights

The First Amended Petition states that the speech which formed the basis for the suspension was "out of school, private internet message communications which were not true threats." (First Amended Petition ¶23a). The defendants have briefed extensively materials from Exhibit A which are not a part of the Petition. Defendants have cited cases in which the facts were fully developed and the case presented to the courts on a Motion for Summary Judgment. The defendants' argument misses the mark. This case is before the Court on a Rule 12(b)(6) Motion to Dismiss which is addressed to the sufficiency of the complaint. Discovery is not complete. In fact, the defendants have stopped the progress of discovery by a Motion to Quash and are currently preventing the plaintiffs from developing additional evidence which will support our claims. This is not a motion for summary judgment under Rule 56. The Court should not consider evidence. The Court should not treat the Motion as a motion for summary judgment because discovery has not been completed and the defendants have not complied with the procedure spelled out in Rule 56. For these reasons, the Rule 12(b)(6) Motion to Dismiss should be overruled.

### Instant Messages not "True Threat"

The free speech limitations apply in the context of school discipline. *Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Plaintiffs' interest in First Amendment protections is even greater in this case because the speech was private internet messages at home. The United States Supreme Court has recognized that schools have less authority to regulate speech outside school premises. *Hazelwood School District v. Kuhlmeier,* 484 U.S. 269, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988) and *Bethel School District #403 v. Fraser,* 478 U.S. 675, 688, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986).

The "true threat" limitation was imposed by the United States Supreme Court. Even statutes proscribing threatening conduct do not exempt the statute from First Amendment restrictions. Although the federal statute proscribing threats against the president have been held to be facially constitutional, "what is a threat must be distinguished from what is

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.          Cause No. 2:08-CV63

constitutionally protected speech." *Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). In *Watts v. the United States*, the Supreme Court adopted the "true 'threat' limitation" against enforcement of the statute. In *Watts* the Court took into account the context, conditional nature of the statement and reaction of the listeners in determining the defendant's conduct was not a true threat. The Supreme Court shed little light upon the "true threat" requirement except for listing the factors identified above which were considered in the *Watts* case. It is nevertheless clear that a constitutional limitation on criminal statutes proscribing threatening conduct includes the requirement that the government prove a "true threat." *Id*.

In *Watts*, the United States Supreme Court ruled that the defendant's speech threatening to shoot the president of the United States was constitutionally protected. The Court held that the speech was a crude and offensive method of stating the defendant's opposition to the war in Vietnam and the draft. It was not a "true threat" as required by the law. *Watts v. United States*, supra.

The "true threat" limitation adopted by the United States Supreme Court in *Watts* has been developed in subsequent case law. At the very least, the statement must "contain some language construable as a serious expression of an intent to imminently carry out some injurious act." *United States v. Baker*, 890 F.Supp. 1375, 1385 (E.D. Mich. 1995). This constitutional standard is not satisfied merely by proving a statement is deviant and upsetting, suggesting that the person making the statement may be unstable and likely to act in accordance with the statement at any moment. The statement "may be unsettling or alarming, but is not a true threat for the purposes of the First Amendment" unless there is something in the statement which indicates some intention to act imminently. *United States v. Baker*, supra at 1386. The discussion of any topic which is taboo is by definition unsettling or alarming. However, though that discussion may be unsettling or alarming it is not sufficient to satisfy the constitutional requirements for a "true threat." There is no requirement in Section 167.161.1 that a substantial likelihood exists that the threatened conduct will ever occur. In fact, there may be many circumstances under the statute in which the activity which is discussed is neither imminent nor likely.

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.          Cause No. 2:08-CV63

In *United States v. Alkhabaz,* 104 F.3d 1492 (6th Cir. 1997), the court recognized that the law does not punish bad intentions standing alone unless accompanied by some proscribed act. The court quoted Shakespear.

"His acts did not o'ertake his bad intent;

And must be buried but as intent

That perish'd by the way:  thoughts are no subjects,

Intents but merely thoughts." *Id*. at 1494.

The court applied a number of restricting rules including the following: "that proscribable conduct must be communicated either to the threatened individual, to a third party with some connection to the threatened individual." *Id*. at 1494. In addition, the court recognized that threats are tools that are implied when one wishes to have some effect or achieve some goal through intimidation. *Id*. The court summarized this definition of a threat which had been proscribed by the statute stating,

"A communication must be such that a reasonable person (1) would take the statement as a serious expression of an intention to inflict bodily harm (the mens rea), and (2) would perceive such expression as being communicated to effect some change or achieve some goal through intimidation (the actus reus)."

*Id*. at 1495.

When we eventually reach the merits of this case, the evidence will clearly establish that the private internet communications by DJM were not true threats within the meaning of the law. The evidence will establish that DJM was involved in private, out of school instant messaging with a confidante. Some of the instant messaging was preserved in written records. However, the written records were incomplete. The beginning of the conversation has been summarized by the young lady to whom it was submitted by her statements that [DJM] told her he was so depressed he wanted to take a gun to school and shoot everyone he hates and then shoot himself. It was clear that DJM had no gun, no plan and no intention of actually doing anything. It was the recipient of his instant messages and not DJM who sought to identify specific targets. The conversation by DJM's confidante was

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.                    Cause No. 2:08-CV63

punctuated throughout with "HAHAHAHA" and "LOL" (laugh out loud) and "YAYAYYAY." It will be clear that the young lady who received the instant messaging baited DJM and that she and not he was the initiator and driving force of the conversation speculating about targets. It will be clear that the entire conversation was equivocal, that there was no suggestion of imminence and the conversation ended with DJM stating "anyways I'm not going to do that, not anytime soon. I feel better than I did earlier today." The facts which will be developed in this case do not rise to the level of a "true threat."

There are two Eighth Circuit cases addressing the question of "true threats." *United States v. Dinwiddie,* 76 F. 3d 913 (8th Cir. Mo. 1996) and *Doe v. Pulaski County Special School District*, 306 F. 3d 616 (8th Cir. 2002). The *Dinwiddie* case is factually irrelevant but is the leading case out of the Eighth Circuit defining true threats. The *Doe v. Pulaski County Special School District* case shows what is actually required in order to prove a "true threat." *Doe v. Pulaski County Special School District* was a close case. The district court and the three-judge panel on the circuit court ruled in favor of the student. By a slim majority in a split decision, the Eighth Circuit panel en banc supported the school district. The *Doe v. Pulaski County Special School District* case shows what is required to prove a "true threat."

The facts are much stronger in support of a suspension in *Doe* than the facts of DJM's case. In *Doe v. Pulaski County Special School District* the threat constituted a letter which was written by a student personally addressed to a former girlfriend. It was a four page letter that referred to the former girlfriend as a "bitch," "slut," "ass," and "whore" over 80 times. The student used the F word no less than 90 times. He spoke frequently in his letter of his wish to sodomize, rape and kill his former girlfriend. In two passages he expressed in unconditional terms that the girlfriend "should not go to sleep because he would be lying under her bed waiting to kill her with a knife." *Id.* at 625. The letter was not mailed to the former girlfriend. At first the student left it in his room. He eventually showed it to a friend who he knew would communicate the substance of the letter to the victim. When the victim asked him about the content of the letter in telephone calls, he admitted the threat and did nothing to alleviate the victim's concerns about the letter. He testified at trial that he knew the victim

might have taken the threat as being truthful.  The school board's suspension in *Doe v. Pulaski County Special School District* shows what is required at a bare minimum to prove a "true threat."  We should also keep in mind that in the minds of six judges who filed a dissenting opinion, the facts in *Doe* did not constitute a "true threat."

The evidence involving DJM falls far short of that which was in *Doe v. Pulaski County Special School District*.  In this case, the statements were equivocal and conditional.  They were not communicated to anyone who was a target of the threat or to anyone DJM had reason to believe would have communicated to the alleged targets.  It will be clear that DJM had no gun and no plan to get a gun.  The communication was punctuated on both sides with laughter.  The evidence in this case does not rise to the level of "a serious expression of intent to harm."

The First Amended Petition expressly alleged that the statements were not "true threats."  (First Amended Petition ¶¶17a and 23a).  These allegations are sufficient.  The Motion to Dismiss should be overruled.

### The Motion to Dismiss should be Overruled to Allow Discovery of the Evidence of Alleged Disruption

The defendants' Rule 12(b)(6) Motion to Dismiss should be overruled because the First Amended Petition is sufficient to state a claim upon which relief may be granted.  The defendants' argument concerning alleged disruption to support the suspension is based upon a review of evidence which is outside the scope of a Rule 12(b)(6) Motion to Dismiss.  In fact, the depositions which the defendants have quashed were targeted to develop evidence to show the absence of significant disruption within the school system.  The defendants should not be permitted to prevent discovery upon an issue and to present a Motion to Dismiss based upon the defendants' evidence for which they have blocked discovery.

Defendants erroneously rely on the case of *Wisniewski v. Board of Education of Weed-Sport Central School Dist.*, 494 F.3d 34 (2nd Cir. 2007).  This case involves a motion for summary judgment which was ordered after the evidence was fully developed.  The decision is a Second Circuit decision in which the Court expressly disregarded Eighth Circuit precedents.

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.          Cause No. 2:08-CV63

However, most importantly, the facts in *Wisniewski* will be shown to be dramatically different and distinguishable from the facts of the case at bar once discovery has been completed.  In *Wisniewski* the disruption was sufficient to require the reassignment of a teacher who was the target of a threat.  The threatening icon was unconditional and unequivocal.  Under the facts of *Wisniewski* it was reasonably foreseeable that the icon would come to the attention of school authorities.  In contrast, the instant messaging in the case at bar was limited to a single confidante.  They were equivocal and conditional with no prospect of any imminent action.  It was the confidante and not DJM who initiated and drove the conversation concerning the identification of potential targets.  The conversation was punctuated with laughter and concluded with the statement that it was not going to happen.

This case needs to be fully developed on the facts.  At that time it will be clear that the superintendent and the school district have punished protected speech and infringed DJM's constitutional rights.

**Plaintiffs Adequately Alleged Due Process Violations**

The First Amended Petition adequately alleges due process violations.  In paragraph 18, we have alleged the suspension is unsupported by competent and substantial evidence upon the whole record.  At paragraphs 19 and 24 we have alleged the decision is made upon unlawful procedure and without a fair trial in that defendants failed and refused to consider constitutional objections enumerated above which were presented to the Board at the time of its hearing.  At paragraph 20 we allege the decision was arbitrary, capricious and unreasonable.  At paragraph 26 we allege the defendants' conduct was "an intentional disregard with actual knowledge that it deprived DJM of his right to receive an education and the action is truly irrational for the purposes of 42 U.S.C.A. §1983."  At paragraph 21 we have alleged the decision was a abuse of discretion.  These allegations are sufficient to meet the defendants' objections upon a Rule 12(b)(6) Motion to Dismiss.  There are "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, supra; and *The Friday Group v. Ticketmaster*, supra.

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.          Cause No. 2:08-CV63

The procedure provided in this case was fundamentally flawed by the defendants' failure and refusal to even consider constitutional questions. At page 8 of the suspension hearing on February 21, 2007, counsel for the school district stated, "This is not a case about Dylan's First Amendment or free speech rights." At page 9 counsel stated further, "And I think it's critical that you keep those things in mind as we proceed because you do not have authority to decide criminal matters, free speech matters, and those various and sundry other things." These quotations came from the suspension appeal hearing which has been marked as Exhibit A in the file on February 21, 2009. Constitutional issues were expressly raised by the plaintiffs. Counsel for the Board told them that they had no authority to consider these and their decision affirming the suspension did not consider them. This is a fundamental violation of due process. The allegations in the First Amended Petition are more than adequate to raise this issue.

The School Board had an obligation to enforce Federal constitutional rights. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4024. A State decision that refuses consideration of Federal constitutional claims falls below due process requirements. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4025. State agencies and courts have an obligation to consider and decide the constitutional questions which are presented to them by the parties that appear before them. *Brinkerhoff-Faris Trust & Savings Co. v. Hill*, 281 U.S. 673, 50 S.Ct. 451 (1930). Plaintiffs in this case have alleged a failure and refusal to even consider constitutional claims. There will be substantial evidence to support this claim. This is more than sufficient to raise a plausible claim for relief for violations of the due process of law.

**Defendant Jill Janes Sued in Her Individual Capacity**

The First Amended Petition in this case was filed with State court before the case was removed to Federal court. At that time there was no need to comply with Federal pleading rules concerning the capacity in which a party was sued. Despite this, the allegations in this case are sufficient to justify the individual claim against defendant Jill Janes. *Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999).

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.			Cause No. 2:08-CV63

       Jill Janes was named as a defendant in this case.  There is no reference in the caption to indicate that she is being sued in an official capacity.  The only manner in which her capacity appears is paragraph six of the First Amended Petition in which it is alleged that she is the superintendent of the Hannibal Public School District #60.  However, it is alleged that Jill Janes personally extended the out of school suspension in paragraph nine.  It is further alleged that her conduct was an intentional disregard with actual knowledge that it deprived DJM of his right to receive an education.  In the WHEREFORE clause of Count II we have asked for money damages and attorney's fees against both defendants.  The First Amended Petition clearly seeks to hold Jill Janes individually responsible for her conduct in this case.  If the Court deems the pleading insufficient then plaintiffs should be given leave to amend so that defendant Janes may be sued in her individual capacity.

### Jill Janes not Entitled to be Dismissed for Qualified Immunity

       Qualified immunity has been raised for the first time in a Motion to Dismiss in this case.  It has not been pleaded in the Answer and does not appear anywhere on the face of the First Amended Petition.  "Qualified immunity is an affirmative defense, to be upheld in a Motion to Dismiss only when the immunity can be established on the face of the complaint."  *Hafley v. Lohman*, 90 F.3d 264 (8th Cir. 1996).  The First Amended Petition alleges very clearly a violation of constitutional rights protected under 42 USCA Section 1983.  In paragraphs 17a and 23a plaintiffs have alleged First Amendment violations.  In paragraph 26 the plaintiffs stated, "The defendants' conduct as described herein was an intentional disregard with actual knowledge that its actions deprived DJM of his right to receive an education and was truly irrational for the purposes of 42 USCA Section 1983."  It is further alleged in paragraph 24 that "the defendants failed and refused to consider constitutional objections enumerated above which were presented to the Board at the time of its hearing." (First Amended Petition ¶24).  This case is governed by the ruling of the Eighth Circuit in *Hafley v. Lohman*.  In this case, the First Amended Petition alleged violation of clearly established constitutional rights in a sufficient manner to overcome an official's claim of qualified immunity.  The Motion to Dismiss on this ground should be overruled.

Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss
DJM, et al. v. Hannibal Public School Dist. #60, et al.          Cause No. 2:08-CV63

### Conclusion

This case is before the Court on a Rule 12(b)(6) Motion to Dismiss. The Motion is addressed to the adequacy of the complaint (First Amended Petition). The Court should not consider matters outside the First Amended Petition. The Court should not consider evidence. This case is in an early stage. The defendants have stopped discovery of the very evidence which will prove the merits of plaintiffs' claims. The defendants have not complied with the procedure or requirements for a Rule 56 Motion for Summary Judgment. There are enough facts to state a claim to relief that is plausible on its face. The Motion should be overruled.

/s/ Branson L. Wood III

| Branson L. Wood III | MO Bar #26786 |
| Attorney for Plaintiffs | ED of MO #4742 |
| 1001 Center Street | |
| Hannibal, MO  63401 | |
| Office #(573) 221-4255 | |
| FAX #(573) 221-7413 | |

N:\Clients\Mardis, David\4865B\PLD1\Pla Memo Oppo Def Mot Dismiss.wpd    BLW:ljm

### Certificate of Service

I hereby certify that on the 16th day of March, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Mr. Joseph M. Wientge Jr., Mickes Goldman O'Toole, LLC, 555 Maryville University Drive, Suite 240, St. Louis, MO  63141.

/s/ Branson L. Wood III

| Branson L. Wood III | MO Bar #26786 |
| Attorney for Plaintiffs | ED of MO #4742 |
| 1001 Center Street | |
| Hannibal, MO  63401 | |
| Office #(573) 221-4255 | FAX #(573) 221-7413 |