UNITED STATES DISTRICT C111OURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DYLAN J. MARDIS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:08CV63 JCH |
| ) | |
| HANNIBAL PUBLIC SCHOOL DISTRICT ) | |
| #60, ) | |
| ) | |
| Defendant(s). ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, filed on March 3, 2009 (Doc. No. 14). The matter is fully briefed and ready for disposition.

# BACKGROUND

Plaintiff Dylan J. Mardis[1] ("Mardis" or "Plaintiff") is a former student in the Hannibal Public Schools. ("1st Amended Petition" (referred to herein as "Complaint" or "Compl.")), Doc. No. 1-2, pp. 5-9, ¶ 1). On or around October 31, 2006, Defendant Hannibal Public School District #60 ("School District"), through its assistant principal, Ryan Sharkey, suspended Plaintiff for ten days for sending e-mails to another student that purportedly threatened other students. (Compl., ¶ 8). Dr. Jill Janes, the superintendent of the School District, extended Plaintiff's suspension for the remainder of the 2006-07 school year. (Compl., ¶¶ 6, 9). Upon appeal of the suspension, on February 21, 2007,

---

[1]Plaintiff was originally identified only as "DM" because Plaintiff was a minor when this case was filed. Since that time, Plaintiff has reached the age of maturity and sought to bring this case on his own behalf. (See Doc. No. 4, granted by this Court's December 8, 2008 Order). For consistency purposes, Plaintiff will be referred to herein in the singular even though some of these filings were made by Plaintiff and his next friend prior to this Court's December 8, 2008 Order.

1

the Board of Education for the Hannibal School District ("School Board") voted to sustain the suspension ordered by Dr. Janes. (Compl., ¶¶ 11, 12).[2]

Plaintiff purports to allege claims for Administrative Review (Count I) and under 42 U.S.C. §1983 (Count II). In Count I of Plaintiff's Complaint, Plaintiff prays "for a judicial review of the long-term suspension of [Plaintiff], for an order rescinding said suspension, for [his] attorney's fees and costs in this case and for such other relief as is just." (Compl., p. 3). Count II alleges claims for violation of Plaintiff's First Amendment and Due Process rights, and prays for compensatory damages, attorney's fees and costs. (Compl., pp. 3-5).

## **PROCEDURAL BACKGROUND**

Plaintiff commenced this action in the Circuit Court of Cole County, Missouri, on March 14, 2007 (Notice of Removal, Doc. No. 1, ¶1). After requesting and receiving briefing, the Circuit Court of Cole County, relying upon Mo. Rev. Stat. § 167.161.3, determined that the standard of review for a court's review of the School Board's decision is *de novo*. (See April 1, 2008 Order, Doc. No. 1-2, pp. 49-50; Mo. Rev. Stat. § 167.161.3 ("[S]tudent discipline hearings or proceedings related to the rights of students to attend school or to receive academic credit shall not be required to comply with the requirements applicable to contested case hearings as provided in chapter 536, RSMo, provided that appropriate due process procedures shall be observed which shall include the right for a trial *de novo* by the circuit court."). On April 1, 2008, this case was transferred from Cole County to Marion County (Notice of Removal, ¶ 2). Defendants filed a Petition for a Writ of Prohibition with the Missouri Court of Appeals to prohibit Marion County from taking any action with respect to this case and seeking dismissal of Plaintiff's action, but the Court of Appeals denied Defendants' Petition for

---

[2]The written decision of the School Board upholding the suspension was attached to Plaintiff's First Amended Petition as Exhibit A. (Compl. ¶ 13).

Writ of Prohibition. (Doc. No. 1-2, pp. 22-23). On November 7, 2008, Plaintiff filed his First Amended Petition (Doc. No. 1-2, pp. 5-9; Notice of Removal, ¶ 3).[3] Plaintiff's First Amended Petition alleged, for the first time, that Defendants violated Plaintiff's constitutional rights.[4] Defendants timely removed this action to this Court on November 26, 2008, based upon this Court's jurisdiction under 28 U.S.C. §1441(b). Accordingly, this Court reviews the School Board's decision to suspend Plaintiff under the *de novo* standard.[5]

### STANDARD FOR MOTION TO DISMISS

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Kaminsky v. Missouri, No. 4:07-CV-1213, 2007 U.S. Dist. LEXIS 72316, at *5-6 (E.D. Mo. Sept. 27, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a

---

[3]Plaintiff filed a Motion for Leave to file his First Amended Petition on March 31, 2008.

[4]Plaintiff also alleged that the hearing before the School Board was "a non-contested case under the administrative procedure act." (Compl. ¶ 15).

[5]The parties have not briefed the standard of review and the Court presumes that both sides agree that the *de novo* standard applies, as determined by the Circuit Court.

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S. Ct. at 1965; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 127 S. Ct. at 1964-65 (internal citations omitted).

## DISCUSSION

**I.   MOOTNESS**

Defendants' first basis for dismissing the claims pending against Plaintiff is mootness. Defendants assert that because Plaintiff has graduated from high school, his claim for Adminstrative Review in Count I must be dismissed as moot. Defendants claim that any requested relief would have no "practical effect." See Defendants' Reply Memorandum in Support of Their Motion to Dismiss ("Reply"), Doc. No. 26, p. 2 ("Clearly, [Plaintiff] no longer has any connection to the District, so any change to Plaintiff's disciplinary records ... would have no practical effect on Plaintiff.").

Since the action by Dr. Janes and the School Board, Plaintiff completed his suspension, returned to school, and earned his high school diploma. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss for Failure to State a Claim ("Memorandum in Support"), Doc. No. 15, p. 6). In this lawsuit, Plaintiff seeks an order rescinding his suspension. See Compl., ¶ 16 (Plaintiff is "entitled to appeal and to seek a recision of the administrative suspension."). Defendants argue that rescinding the suspension would have "no practical effect" (Motion, ¶¶12, 13), but tacitly admit Plaintiff's school records reflect his suspension. See Knapp v. Junior College Dist., 879 S.W.2d 588, 594 (Mo. Ct. App. 1994) (plaintiff's claims for a First Amendment and due process violations were not moot where reference to the suspension remained on her record), overruled on

4

other grounds by State ex rel. Yarber v. McHenry, 915 S.W.2d 325, 330 (Mo. 1995); cf. Shaw v. Park Hill R-V School Dist., 630 S.W.2d 610, 611 (Mo. Ct. App. 1982) (where the "only relief sought in the petition was temporary and permanent injunctions against the suspension," plaintiff's claims were moot).[6]

Defendants do not dispute that expungement of the suspension from Plaintiff's school record is still available. Defendants' unsupported claim that the expungement of Plaintiff's school records will have no "practical effect" is not sufficient for this Court to hold Plaintiff's claims are moot. The punitive effects of a suspension on a student's permanent school record may not end upon graduation. The Eighth Circuit has recognized that expungement of school records is sufficient for a justiciable controversy to exist between the parties. In Doe v. Pulaski County Special School Dist., the Eighth Circuit held that a controversy remained even though the plaintiff had graduated from eighth grade and the only relief available was the expungement of the student's school records. 306 F.3d 616, 621 (8th Cir. 2002) ("If we reverse the district court, the district will no longer be required to refrain from documenting the incident in J.M.'s school records."). The Court cannot hold as a matter of law that the removal of the suspension from Plaintiff's permanent record would have no "practical effect." As a result, this Court believes there is a justiciable controversy in Count I.

## II. FIRST AMENDMENT

As part of his 42 U.S.C. §1983 claim, Plaintiff alleges that his suspension for off-campus statements made to other students violates his First Amendment rights. Defendants argue that Plaintiff's claims, as pleaded, fail to state a claim because Plaintiff's statements constituted either "true

---

[6]Defendants argue that Knapp is not on point because, unlike the plaintiff in Knapp, Mardis has graduated and no longer attends the defendant School District. Defendants' attempt to differentiate Knapp misses the mark. Defendants assume, without support, that the record of a suspension cannot affect Plaintiff after graduation.

5

threats," not protected under the First Amendment, or that the statements caused a substantial disruption that justified the punishment imposed on Plaintiff.

A. True Threats

Defendants initially argue that the statements made by Plaintiff were "true threats," and, therefore, are "*per se* unprotected" speech. (Memorandum in Support, p. 6) (citing Chaplinsky v. New Hampshire, 315 U.S. 568, 572 (1942)). Defendants, however, do not cite to the purported "true threats" or otherwise demonstrate how "Plaintiff's electronic communications, whether uttered on or off-campus, clearly are unprotected speech under the 'true threat' doctrine." (Memorandum in Support, p. 9). Defendants allege that "Plaintiff's communications expressed threats targeting specific classmates," but Defendants do not cite to the Complaint, or anywhere else in the record, to support this statement. (Memorandum in Support, pp. 9-10). The record of the hearing before the School Board refers conclusively to the communications as "threats," without any discussion thereof (Exhibit A, ¶¶14, 16, 17, 31); see also Defendants' Reply, p. 4 (acknowledging that the contents of the statements are not part of the record before this Court on Defendants' Motion to Dismiss). Based solely on the Complaint, this Court cannot hold that Plaintiff's statements (which were not provided to the Court) constitute true threats as a matter of law.

B. Substantial Disruption

Defendants argue in the alternative that even if Plaintiff's threats were not "true threats," the School District nevertheless was permitted to discipline Plaintiff under the test in Tinker v. Des Moines Independent Comty. Sch. Dist., 393 U.S. 503 (1969). Defendants allege that the threats made by Plaintiff caused a "substantial disruption to the school environment" which justified the punishment imposed on Plaintiff. (Motion, ¶18).

Under Tinker, public schools must satisfy the "substantial disruption" test in order to discipline students for speech that does not constitute a "true threat." In Tinker, the Supreme Court held that students are entitled to freedom of expression of their views, unless a prohibition on speech is "necessary to avoid material and substantial interference with schoolwork or discipline." Tinker, 393 U.S. at 511. A public school cannot discipline a student for expressing personal views unless "school authorities have reason to believe that such expressions 'will substantially interfere with the work of the school or impinge upon the rights of other students.'" Hazelwood Sch. Dist. v. Kuhlmeier, 484 U.S. 260, 266 (1988) (quoting Tinker, 393 U.S. at 509). A prohibition can not be sustained in the absence of a showing of material or substantial interference. Tinker, 393 U.S. at 509. As noted by this Court,

> An "undifferentiated fear or apprehension" of a disturbance is not enough. West v. Derby Unified Sch. Dist., 206 F.3d 1358, 1366 (10th Cir. 2000) (quoting Tinker, 393 U.S. at 508). Rather there must be "substantial facts which reasonably support a forecast of likely disruption." See Phillips v. Anderson County Sch. Dist. No. 5, 987 F. Supp. 488, 492 (D. S.C. 1997) (quoting Quarterman v. Byrd, 453 F.2d 54, 58 (4th Cir. 1971)). School officials, however, need not wait for an actual disruption to occur. Chandler v. McMinnville Sch. Dist., 978 F.2d 524, 529 (9th Cir. 1992).

B.W.A. v. Farmington R-7 Sch. Dist., 508 F. Supp. 2d 740, 747 (E.D. Mo. 2007), aff'd, 554 F.3d 734 (8th Cir. 2009).

Given this Court's *de novo* standard of review and the allegations in Plaintiff's Complaint, the Court cannot hold that there were "substantial facts" to support Defendants' argument that a substantial disruption justified Plaintiff's suspension. The only support for Defendants' claim that there was a "substantial disruption" are the School District's self-supporting claims.[7] To support their

---

[7]Notably, neither of the "substantial disruption" cases cited by Defendants involve motions to dismiss, without discovery. See Memorandum in Support, pp. 10-12 (citing Tinker (district court dismissed complaint after an evidentiary hearing); Wisniewski v. Bd. of Educ., 494 F.3d 34 (2d Cir. 2007) (district court granted summary judgment)).

7

claim that there was a "substantial disruption," Defendants note that, after the "threats" became known, the School District received numerous phone calls from parents, students and the media. (Memorandum in Support, p. 11 (citing Exhibit A, ¶ 16)). The School District responded by putting "safety precautions in place." (Exhibit A, ¶ 16). According to Defendants, "[t]he responsive measures the District was forced to implement represent a clear disruption, which more than justified the District's decision to discipline in response to Plaintiff's communications." (Memorandum in Support, p. 11). The School District's unsupported statements are insufficient for this Court to determine whether substantial facts exist that demonstrate, as a matter of law, that Plaintiff's disruption was "substantial." Defendants' Motion to Dismiss Plaintiff's First Amendment claim is denied.

## III. DUE PROCESS

A. Plaintiff's Procedural Due Process Claim Fails to State A Claim.

In Plaintiff's Complaint, he alleges that he "had a protected property interest in receiving secondary education to which due process protection applies." (Compl., ¶ 25). Plaintiff alleges he was afforded an "unlawful procedure or without a fair trial" because the School Board refused to consider constitutional objections at the time of its hearing. (Compl., ¶¶ 19, 24). Those objections included that the School Board's decision violated the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 8 and 19 of the Missouri Constitution because "the alleged threats which form the basis of the suspension were out of school, private, internet instant message communications which were not true threats and that disciplinary action violated the freedom of speech and due process provisions of the United States Constitution and the Missouri

8

Constitution." (Compl., ¶ 17(a)).[8] Defendants argue that "Plaintiff received all the procedural due process rights afforded him under the District's discipline policies and procedures[.]" (Motion, ¶ 20).

Initially, the Court holds that Plaintiff cannot state a claim under 42 U.S.C. §1983 for a purported violation of the Missouri Constitution. See Memorandum in Support, p. 12. A suit under 42 U.S.C. §1983 can remedy only a violation of federal rights. Holloway v. Reeves, 277 F.3d 1035, 1038 (8th Cir. 2002). Plaintiff cannot state a claim under the Missouri Constitution as a matter of law. Id. (any violations of rights guaranteed by local or state laws are irrelevant to a §1983 claim).

Further, this Court agrees that Plaintiff was afforded all of the procedural due process he was owed. Plaintiff's Complaint and the School Board's decision outline the process provided to Plaintiff. Plaintiff alleges that he appealed his suspension. Plaintiff's appeal was heard before an executive session of the School Board. (Compl., ¶¶ 10-11). Plaintiff was represented by counsel at the hearing. (Exhibit A, ¶ 30). The hearing was recorded by a court reporter. (Id.) Each party was permitted to present evidence and to cross-examine witnesses. (Id.) The parties were allowed to object to exhibits, and those objections were preserved in the record. (Id.)[9] At the conclusion of the hearing, the School Board issued a written opinion affirming the suspension of Plaintiff because he posed a threat to himself or others and because his actions materially and substantially disrupted the rights of other students to an education. (Exhibit A, ¶¶ 39-40).

---

[8] Plaintiff also argues that R.S. Mo. §§ 167.161 and 167.171 violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 8 and 10 of the Missouri Constitution because "the statutes and regulations are overly broad, vague, do not give reasonable notice of the prescribed conduct and infringe upon protected free speech." (Compl., ¶ 17(b)). This issue is not properly before this Court because Plaintiff has failed to follow the proper procedure for challenging the constitutionality of Missouri Revised Statutes, §§ 167.161 and 167.171. See Fed.R.Civ.P. 5.1.

[9] Plaintiff's attorney did not present any evidence at the hearing. (Exhibit A, ¶ 30).

Plaintiff complains that the School Board's "decision is made upon unlawful procedure or without a fair trial in that the defendants failed and refused to consider constitutional objections enumerated above **which were presented to the board at the time of its hearing**." (Compl., ¶ 24) (emphasis added).[10] Thus, Plaintiff specifically alleges that he was permitted to make all of his arguments to the School Board, but merely complains that he disliked the outcome of the procedures.[11] Plaintiff does not allege that he was not allowed to present any arguments or evidence, prevented from cross-examining witnesses, or not afforded any other procedural safeguards. Based upon these allegations, Plaintiff's was afforded a hearing and his arguments were considered by the School Board, which constitutes sufficient due process. See Young v. City of St. Charles, 244 F.3d 623, 626-28 (8th Cir. 2001) (affirming the district court's grant of defendant's motion to dismiss where the procedural due process allegation failed to state a claim because plaintiff's complaint specifically indicates that he had notice of two pre-deprivation hearings, had participated in two, post-termination administrative appeals and pursued a separate appeal in the state court of Missouri); see also Flath v. Garrison Pub. Sch. Dist. No. 51, 82 F.3d 244, 247 (8th Cir. 1996) (in the employment context, due process only requires notice of the charges, an explanation of the evidence, and an opportunity to be heard; "[g]enerally, something less than a formal adversarial hearing is required"). Defendants' Motion to Dismiss is granted on Defendants' procedural due process claim.

---

[10]Plaintiff's statements, such as that the procedure was "unlawful," merely are legal conclusions and insufficient to state a claim as a matter of law. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

[11]Plaintiff complains regarding the outcome of the School Board hearing. Plaintiff has the right to *de novo* review of this decision in his First Amendment claim, not his procedural due process claim.

B. Plaintiff's Substantive Due Process Claim Fails to State A Claim.

"The 'core of the concept [of substantive due process is] protection against arbitrary action' by the government." Putnam v. Keller, 332 F.3d 541, 547 (8th Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998)). In analyzing a substantive due process claim, the court's task is two-fold. First, the court first considers whether the plaintiff possessed a right arising under the Fourteenth Amendment. Second, the court determines whether the defendant's conduct deprived the plaintiff of that right within the meaning of the Due Process Clause. Ganley v. Minneapolis Park And Rec. Bd., 491 F.3d 743, 749 (8th Cir. 2007) (citations omitted). To meet this burden, the plaintiff must show that the defendant acted irrationally, not simply arbitrarily and capriciously, or in a way that shocks the conscience. Id.; Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 736 (8th Cir. 2009) (citing Herts v. Smith, 345 F.3d 581, 587 (8th Cir. 2003)). The court also may consider conduct that evinces a "deliberate indifference" to protected rights of the plaintiff, if the officials had an opportunity to consider other alternatives before choosing a course of action. Putnam, 332 F.3d at 548.

Here, Plaintiff alleges that Defendants' decision to suspend Plaintiff was "arbitrary, capricious and unreasonable" (Compl., ¶ 20) and that it involved an "abuse of discretion" (Compl., ¶ 21). Plaintiff further alleges that the "defendants' conduct as described herein was an intentional disregard with actual knowledge that its actions deprived [Plaintiff] of his right to receive an education and the action was truly irrational for purposes of 42 U.S.C.A. § 1983." (Compl., ¶ 26). Plaintiff's conclusory allegations that Defendants' actions were "truly irrational" and performed with "intentional disregard" for Plaintiff's rights are insufficient to meet the threshold standard for a substantive due process violation.

As noted previously, Plaintiff alleges in his Complaint that he was afforded a hearing wherein the School Board accepted the parties' evidence and objections. As alleged by Plaintiff, Defendants' actions indicate a deliberate, not arbitrary process afforded to Plaintiff. The allegations in the Complaint do not demonstrate that Defendants engaged in any action sufficient to "shock the conscience," so as to violate Plaintiff's substantive due process rights. This Court holds as a matter of law that Plaintiff has failed to allege a substantive due process violation. See Young, 244 F.3d at 626-28 (affirming the district court's dismissal of the plaintiff's substantive due process since any alleged evidentiary and procedural errors as pleaded involved no more than possible violations of state law and city personnel policies and did not rise to the level of "truly irrational" governmental action necessary to support a substantive due process action). The Court does not believe that these allegations, even if proven, state a claim for a substantive due process violation under the Fourteenth Amendment.

**IV.    DR. JANES**

A.    Plaintiff Failed to Name Dr. Janes in Her Individual Capacity.

In Defendants' Motion to Dismiss, they argue that Plaintiff has not identified whether Plaintiff is suing Dr. Janes in her official or individual capacity. (Memorandum in Support, pp. 15-16; see also Complaint, passim). Plaintiff asserts that he is suing Dr. Janes in her individual, not official capacity. (Plaintiffs DJM, DM and JM's Memorandum in Opposition to Defendants' Motion to Dismiss ("Memorandum in Opposition"), Doc. No. 23, pp. 11-12). Plaintiff, however, has failed to plead this.

The Eighth Circuit has held that if a complaint is silent, the complaint should be interpreted as an official-capacity claim. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) (citing Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)). Accordingly, assuming that

12

Plaintiff's suit against Dr. Janes is in her official capacity, the real party in interest is the State. Andrus, 197 F.3d at 955. The Court, therefore, dismisses Count II against Dr. Janes, without prejudice. Plaintiff has until **May 15, 2009**, to file an amended complaint curing the described deficiency.

      B.     Dr. Janes is Not a Proper Party to Count I.

In Count I, Plaintiff seeks review of the School Board's decision to sustain the suspension of Plaintiff. (Compl., ¶ 12; prayer for relief, p. 3). Defendants argue that Dr. Janes is not a proper party to Count I because Plaintiff is appealing the decision of the School Board, not Dr. Janes.[12]

The Court agrees that Dr. Janes is not a proper party to this action. Under § 167.161, R.S.Mo., Plaintiff has a right to "trial de novo by the circuit court" to review "student discipline hearings or procedures related to the rights of students to attend school or to receive academic credit." In a noncontested case, "[t]he circuit court does not review the record for competent and substantial evidence, but instead conducts a *de novo* review in which it hears evidence on the merits, makes a record, determines the facts and decides **whether the agency's decision** is unconstitutional, unlawful, unreasonable, arbitrary, capricious or otherwise involves an abuse of discretion." City of Valley Park v. Armstrong, 273 S.W.3d 504, 508 (Mo. 2009) (emphasis added).[13] Furthermore, Plaintiff alleges that "[t]his case is a Petition arising out of **the administrative decision of the Board of Education** of Hannibal School District #60 upholding the suspension" of Plaintiff. (Compl., ¶ 7)

---

[12]Plaintiff did not respond to this argument.

[13]The cases cited by Defendants, unlike the present case, involved contested, not noncontested, cases. Clark v. Board of Directors, 915 S.W.2d 766, 773 (Mo. Ct. App. 1996) ("On appeal from an agency decision in a contested case, an appellate court generally reviews the findings of fact and decision of the agency, not the judgment of the circuit court."); Williamsburg Truck Plaza v. Muri, 857 S.W.2d 534, 535 (Mo. Ct. App. 1993) (plaintiff filed in circuit court pursuant to § 536.100, R.S.Mo., which allows judicial review for contested cases).

13

(emphasis added).[14] Thus, this Court's review is limited to reviewing the decision from the hearing sustaining Plaintiff's suspension. Dr. Janes is not a proper party to Count I because the School Board, not Dr. Janes, made the decision to sustain Plaintiff's suspension, which is the sole scope of this Court's review. Dr. Janes is dismissed with respect to Count I.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 14) is **DENIED**, in part, and **GRANTED**, in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amendment claim in Count II is **DENIED**, and Defendants' Motion to Dismiss Plaintiff's Due Process claim in Count II is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Dr. Janes from Count I is **GRANTED**, and Defendants' Motion to Dismiss Dr. Janes from Count II is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Friday, May 15, 2009**, within which to file an amended complaint, curing the above-described deficiencies, with respect to Dr. Janes in Count II.

**IT IS HEREBY FURTHER ORDERED** that the stay on discovery is **LIFTED**.

---

[14] School districts are agencies within the meaning of Missouri's Administrative Procedure and Review Act. Knapp, 879 S.W.2d at 594.

Dated this 28th day of April, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE