IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **DJM,** by his Next Friend, **DM**, and **DM and JM**, individually, <br> Plaintiffs, <br> v. <br><br> **Hannibal Public School District #60** and **Jill Janes**, individually, and as a public official, <br> Defendants. | Cause No. 2:08-CV63 |

# Amended Complaint

Come now the plaintiffs and for their cause of action against defendants state as follows:

### Common Allegations

1. DJM is a sixteen year old sophomore who was attending Hannibal High School, Hannibal Public School District #60 and who resides at Hannibal, MO 63401.

2. DM is the Next Friend of DJM.

3. DM is the father of DJM and resides at Hannibal, MO 63401.

4. JM is the mother of DJM and resides at Hannibal, MO 63401.

5. Hannibal Public School District #60 is a political subdivision of the State of Missouri and provides elementary and secondary education in and around Hannibal, Missouri.

6. Jill Janes is the superintendent of Hannibal Public School District #60 and is sued individually and in her capacity as a public official.

7. This case is a Petition arising out of the administrative decision of the Board of Education of Hannibal School District #60 upholding the suspension of DJM for a period from October 24, 2006, through the end of the 2006-2007 school year.

8. On or about October 31, 2006, DJM was given a ten (10) day out-of-school suspension by assistant principal Ryan Sharkey based upon an allegation of threats toward students that disrupted conduct.

Amended Complaint
DJM, et al. v. Hannibal Public School Dist. #60, et al.                    Cause No. 2:08-CV63

     9. On or about November 3, 2006, defendant Jill Janes extended the out-of-school suspension for the remainder of the 2006-2007 school year (126 days) for allegedly making threatening comments that were disruptive to the school environment.

     10. Plaintiffs timely appealed the long-term suspension.

     11. On February 21, 2007, the school board convened in executive session to hear the appeal. Evidence was presented and the case was submitted to the school board for Hannibal Public School District #60.

     12. On the evening of February 21, 2007, the president of the Board of Education for Hannibal Public School District #60 informed plaintiffs by their attorney that the Board had voted to sustain the suspension ordered by Jill Janes, school superintendent, and that a written opinion would follow.

     13. The written decision of the school board confirming the suspension was provided to the plaintiffs on March 1, 2007.

## Count I – Administrative Review

     14. All of the allegations contained in paragraphs 1 through 13 are incorporated herein by reference as if set out verbatim.

     15. The hearing before the Board of Education for Hannibal School District #60 was a non-contested case under the administrative procedure act.

     16. Plaintiffs are entitled to appeal and to seek a recision of the administrative suspension.

     17. The decision of the Board of Education confirming the long-term suspension was erroneous for each of the following reasons:

         a. The decision violated the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 8 and 10 of the Missouri Constitution of 1945 because the alleged threats which form the basis of the suspension were out of school, private, internet instant message communications which were not true threats and that disciplinary action violated the freedom of

Amended Complaint
DJM, et al. v. Hannibal Public School Dist. #60, et al.                    Cause No. 2:08-CV63

> speech and due process provisions of the United States Constitution and the Missouri Constitution.
>
> b.  The provisions of the student handbook, the Board policy under which disciplinary action was imposed violate the First, Fifth and Fourteenth Amendments to the United States Constitution because the regulations are overly broad, vague, do not give reasonable notice of prescribed conduct and infringe upon protected free speech.

18.  The suspension is unsupported by competent and substantial evidence upon the whole record.

19.  The decision is made upon unlawful procedure or without a fair trial in that the defendants failed and refused to consider and failed and refused to even rule upon the constitutional objections enumerated above which were presented to the board at the time of its hearing.

20.  The decision was arbitrary, capricious and unreasonable for the reasons set out above.

21.  The decision involved an abuse of discretion for the reasons set out above.

WHEREFORE, on Count I plaintiffs pray for a judicial review of the long-term suspension of DJM, for an order rescinding said suspension, for their attorney's fees and costs in this case and for such other relief as is just.

### Count II – 42 U.S.C.A. §1983.

22.  All of the allegations contained in paragraphs 1 through 20 are incorporated herein by reference as if set out verbatim.

23.  The decision of the Board of Education confirming the long-term suspension was erroneous for each of the following reasons:

> a.  The decision violated the First, Fifth and Fourteenth Amendments to the United States Constitution because the alleged threats which form the basis of the suspension were out of school, private, internet instant message communications which were not true threats and that disciplinary action violated

Amended Complaint
DJM, et al. v. Hannibal Public School Dist. #60, et al.                    Cause No. 2:08-CV63

the freedom of speech and due process provisions of the United States Constitution and the Missouri Constitution.

   b.  The provisions of the student handbook, the Board policy under which disciplinary action was imposed the First, Fifth and Fourteenth Amendments to the United States Constitution because the statutes and regulations are overly broad, vague, do not give reasonable notice of prescribed conduct and infringe upon protected free speech.

24.  The decision is made upon unlawful procedure or without a fair trial in that the defendants failed and refused to consider and failed and refused to even rule upon the constitutional objections enumerated above which were presented to the board at the time of its hearing.

25.  DJM had a protected property interest in receiving secondary education to which due process protection applies.

26.  The defendants' conduct as described herein was an intentional disregard with actual knowledge that its actions deprived DJM of his right to receive an education and the action was truly irrational for the purposes of 42 U.S.C.A. §1983.

27.  The defendants' conduct as alleged above knowingly deprived DJM of his constitutional right and that he is entitled to recover under 42 U.S.C.A. §1983.

28.  The conduct of defendants as described above was under color of, custom or usage of Hannibal School District #60.

29.  The conduct of defendants as described above represents the official policy of Hannibal School District #60 and is actionable under 42 U.S.C.A. §1983.

30.  Plaintiff DJM was damaged and was deprived of educational services as a result of defendants' violation of his constitutional rights as described above.

31.  Plaintiff has been required to insure attorney's fees in order to seek redress for violation of his constitutional rights as described above.

Amended Complaint
DJM, et al. v. Hannibal Public School Dist. #60, et al.      Cause No. 2:08-CV63

WHEREFORE, on Count II plaintiff DJM prays for damages against defendants in such sum as will fairly and justly compensate him for his injuries suffered herein and for his attorney's fees and costs and for such other relief as is just.

/s/ Branson L. Wood III

_____
| Branson L. Wood III | MO Bar #26786 |
| Attorney for Plaintiffs | ED of MO #4742 |
| 1001 Center Street | |
| Hannibal, MO 63401 | |
| Office #(573) 221-4255 | |
| FAX #(573) 221-7413 | BLW:ljm |

N:\Clients\Mardis, David\4865B\PLD1\Amended Complaint.wpd

Certificate of Service

I hereby certify that on the 15th day of May, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Mr. Joseph M. Wientge Jr., Mickes Goldman O'Toole, LLC, 555 Maryville University Drive, Suite 240, St. Louis, MO 63141.

/s/ Branson L. Wood III

_____
Branson L. Wood III     MO Bar #26786
Attorney for Plaintiffs     ED of MO #4742
1001 Center Street
Hannibal, MO 63401
Office #(573) 221-4255
FAX #(573) 221-7413