IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DYLAN MARDIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 2:08-CV63 |
| HANNIBAL PUBLIC SCHOOL DISTRICT #60, | ) ) ) ) |
| and | ) ) |
| JILL JANES, | ) ) |
| Defendants.[1] | ) |

## ANSWER

**COMES NOW** Defendants Hannibal Public School District #60 (the "District") and Jill Janes ("Ms. Janes") (collectively referred to as "Defendants"), by and through their undersigned attorneys, and for their Answer to Plaintiffs' Amended Complaint state as follows:

1.  Defendants deny any and all allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2.  Paragraph 2 of Plaintiffs' Amended Complaint is a legal conclusion and no response is necessary. To the extent a response is required, Defendants deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Amended Complaint, and therefore deny these allegations.

---

[1] Defendants object to Plaintiff's Amended Complaint as it is identical to its original Complaint for all practical purposes, with the only two minor changes in Paragraphs 6 and 13. In Paragraph 6, Plaintiff states he is suing Dr. Janes in her official capacity, and in Paragraph 13, the previous reference to the District's written decision was removed.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' Amended Complaint, and therefore deny these allegations.

5.      Defendants admit the allegations set forth in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      Defendants admit the allegations set forth in Paragraph 6 of Plaintiffs' Amended Complaint.  Defendants admit the allegations set forth in Paragraph 6 only to the extent that Jill Janes is the superintendent of Hannibal Public School District #60.  Defendants deny the remaining parts of Paragraph 6 in Plaintiffs' Amended Complaint.

7.      Paragraph 7 of Plaintiffs' Amended Complaint is a legal conclusion and no response is necessary.  To the extent a response is required, Defendants deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      Defendants solely admit that Plaintiff originally received ten (10) days out of school suspension from assistant principal Ryan Sharkey for making death threats, towards other students, which also disrupted school activities.  Defendants deny the remaining allegations in Paragraph 8 in Plaintiffs' Amended Complaint.

9.      Defendants admit Jill Janes extended the out of school suspension for the remainder of the 2006-2007 school year (126 days) for drafting and delivering instant messages to another student stating his intention to bring a gun to school and kill certain classmates, with such messages causing a disruption to school activities.

10.     Defendants admit the allegations set forth in Paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of Plaintiff's Amended Complaint.[2]

## COUNT I – ADMINISTRATIVE REVIEW

14. Defendants hereby incorporate and restate their responses in Paragraphs 1 through 13, as referenced herein.

15. Defendants deny any and all allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Paragraph 16 of Plaintiffs' Amended Complaint is a legal conclusion and no response is necessary. To the extent a response is required, Defendants deny the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendants deny any and all allegations in Paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendants deny any and all allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendants deny any and all allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendants deny any and all allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

---

[2] Plaintiff has inexplicably removed from his Amended Complaint a copy of the Board of Education's decision, which was previously attached as Exhibit A to the original Complaint. Without a copy of the decision attached to the Amended Complaint, there can be no review of the administrative decision sought by Plaintiff in Count I.

21. Defendants deny any and all allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

**WHEREFORE**, having fully answered Count I of the Plaintiffs' Amended Complaint, Defendants Hannibal Public School District #60 and Jill Janes respectfully state Plaintiffs are not entitled to the relief sought and Defendants request this Court dismiss Count I of Plaintiffs' Amended Complaint in its entirety, or in the alternative, the Court enter judgment in favor of Defendants, and the Court further enters its Order granting Defendants their reasonable attorneys' fees and costs, and for such other relief as the Court may deem just and proper.

## COUNT II – 42 U.S.C.A. § 1983

22. Defendants hereby incorporate and restate their responses in Paragraphs 1 through 21, as referenced herein.

23. Defendants deny any and all allegations in Paragraph 23 of Plaintiffs' Amended Complaint.[3]

24. Defendants deny any and all allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

25. Defendants admit Plaintiff maintained a property interest in his public education. In further answer, Defendants state Plaintiff was fully provided with all due process procedures, both substantive and procedural, prior to receiving his long-term suspension.

26. Defendants deny any and all allegations in Paragraph 26 of Plaintiffs' Amended Complaint.

27. Defendants deny any and all allegations in Paragraph 27 of Plaintiffs' Amended Complaint.

---

[3] Plaintiff inappropriately includes Due Process violations in the allegations contained in Paragraphs 23 and 24, despite the Court's Order of April 28, 2009, dismissing all due process claims from Count II of Plaintiff's Complaint.

4

28. Paragraph 28 of Plaintiffs' Amended Complaint is a legal conclusion and no response is necessary. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of Plaintiffs' Amended Complaint.

29. Defendants deny any and all allegations in Paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendants deny any and all allegations in Paragraph 30 of Plaintiffs' Amended Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' Amended Complaint, and therefore deny these allegations.

**WHEREFORE**, having fully answered Count II of the Plaintiffs' Amended Complaint, Defendants Hannibal Public School District #60 and Jill Janes respectfully state Plaintiffs are not entitled to the relief sought and Defendants request this Court dismiss Count II of Plaintiffs' Amended Complaint in its entirety, or in the alternative, the Court enter judgment in favor of Defendants, and the Court further enters its Order granting Defendants their reasonable attorneys' fees and costs, and for such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses to Plaintiffs' Amended Complaint:

1. Defendants deny each and every allegation of fact and/or conclusion of law that is not expressly and specifically admitted.

2. All counts of Plaintiffs' Amended Complaint fail to state a claim upon which relief can be granted and should therefore be dismissed with prejudice.

3. The Defendants have not violated Plaintiffs' constitutional rights.

4. Plaintiffs' comments to his fellow student constitute true threats of violence against other students, warranting discipline.

5. The District's policy is constitutional and justified.

6. All actions taken by Defendants with respect to Plaintiffs were taken in good faith belief that their actions complied with all applicable laws and constitutional provisions.

7. Plaintiffs' claims against Defendants are frivolous, and have no basis in law or fact. Therefore, Defendants are entitled to an award of its reasonable attorneys' fees and costs.

**WHEREFORE,** having fully answered Counts I & II of Plaintiffs' Amended Complaint, Defendants Hannibal Public School District #60 and Jill Janes respectfully request this Court dismiss Counts I & II of Plaintiffs' Amended Complaint in their entirety with prejudice, or in the alternative, that the Court enter judgment in favor of Defendants, and that the Court further enter its Order granting Defendants their reasonable attorneys' fees and costs, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**MICKES GOLDMAN O'TOOLE, L.L.C.**

/s/ Joseph M. Wientge, Jr.
Teri B. Goldman, #37883
tgoldman@mickesgoldman.com
Joseph M. Wientge, Jr., #57494
jwientge@mickesgoldman.com
555 Maryville University Drive, Suite 240
St. Louis, Missouri 63141
Office: (314) 878-5600/Fax: (314) 878-5607
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served via CM/ECF Filing on this 20th day of May, 2009, upon the following:

Branson L. Wood III
1001 Center St.
P.O. Box 1014
Hannibal, Missouri 63401
ATTORNEYS FOR PLAINTIFFS

                                                /s/ Joseph M. Wientge, Jr.