UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DYLAN MARDIS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:08CV63 JCH |
| ) | |
| HANNIBAL PUBLIC SCHOOL DISTRICT, ) | |
| #60, ) | |
| ) | |
| and ) | |
| ) | |
| JILL JANES, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiffs' Motion to Strike and Remove from the Record, filed December 7, 2009 (Doc. No. 43), and Plaintiffs' Motion for Protective Order, filed December 16, 2009 (Doc. No. 49). Upon consideration, the Court will deny the Plaintiffs' Motion to Strike and Remove from the Record and will grant, in part, Plaintiffs' Motion for Protective Order.

Plaintiffs claim that police records related to Mardis' juvenile arrest should be stricken from the record because they are confidential and privileged. Those records were included as Exhibit C to Defendants' Memorandum in Support of their Motion for Summary Judgment. (Doc. No. 42-4). Defendants assert that they received the police records from the Hannibal Police Department and also as part of Plaintiffs' document production. (Affidavit of Lyndell Davis, Doc. No. 48; Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike and Remove from Record ("Response"), Doc. No. 44, ¶¶ 6-8). The Hannibal Police Department now claims that it erroneously provided those records to Defendants. (Affidavit of Lyndell Davis, Doc. No. 48). Plaintiffs assert that they did not provide Mardis' juvenile police records in response to Defendants' request for Mardis' "juvenile

records," but that such records "may have been inadvertently included in medical records that were provided in response to defendants' Request for Production of Documents." (Motion for Protective Order, ¶¶ 3, 5). Plaintiffs claim that this production was "accidental and inadvertent" and should not constitute a waiver of any privilege. (Id.)

In support of their Motion to Strike and Remove, Plaintiffs cite state and federal statutes that they claim require this Court to strike Mardis' juvenile police record. See § 211.271.3 R.S.Mo. ("After a child is taken into custody as provided in section 211.131, all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter."); 18 U.S.C. § 5038 (1988)(protects records of certain juvenile proceedings from being made available to "unauthorized persons").

Plaintiffs also cite to Webster Groves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371 (8th Cir. 1990) in support of their Motion to Strike or Remove Mardis' police record. In that case, a publishing company sought to open the proceedings of a civil lawsuit between a student and a school district. Id. at 1373. The Eighth Circuit affirmed the district court's decision to seal the court file to prevent the public dissemination of a juvenile's sensitive information. Id. at 1377. That case is distinguishable for several reasons. First, Mardis is no longer a minor and, therefore, the "compelling state interest" in "safeguarding the physical and psychological well-being of a minor" is a less compelling interest. Id. at 1375 (citing Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982)). Second, unlike in Webster Groves School Dist. v. Pulitzer Pub. Co, the records here have already been disclosed to Defendants, who seek to use those records only in this case. The Court will not strike Mardis' juvenile police record from this Court's

records," but that such records "may have been inadvertently included in medical records that were provided in response to defendants' Request for Production of Documents." (Motion for Protective Order, ¶¶ 3, 5). Plaintiffs claim that this production was "accidental and inadvertent" and should not constitute a waiver of any privilege. (Id.)

In support of their Motion to Strike and Remove, Plaintiffs cite state and federal statutes that they claim require this Court to strike Mardis' juvenile police record. See § 211.271.3 R.S.Mo. ("After a child is taken into custody as provided in section 211.131, all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter."); 18 U.S.C. § 5038 (1988)(protects records of certain juvenile proceedings from being made available to "unauthorized persons").

Plaintiffs also cite to Webster Groves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371 (8th Cir. 1990) in support of their Motion to Strike or Remove Mardis' police record. In that case, a publishing company sought to open the proceedings of a civil lawsuit between a student and a school district. Id. at 1373. The Eighth Circuit affirmed the district court's decision to seal the court file to prevent the public dissemination of a juvenile's sensitive information. Id. at 1377. That case is distinguishable for several reasons. First, Mardis is no longer a minor and, therefore, the "compelling state interest" in "safeguarding the physical and psychological well-being of a minor" is a less compelling interest. Id. at 1375 (citing Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982)). Second, unlike in Webster Groves School Dist. v. Pulitzer Pub. Co, the records here have already been disclosed to Defendants, who seek to use those records only in this case. The Court will not strike Mardis' juvenile police record from this Court's

records," but that such records "may have been inadvertently included in medical records that were provided in response to defendants' Request for Production of Documents." (Motion for Protective Order, ¶¶ 3, 5). Plaintiffs claim that this production was "accidental and inadvertent" and should not constitute a waiver of any privilege. (Id.)

In support of their Motion to Strike and Remove, Plaintiffs cite state and federal statutes that they claim require this Court to strike Mardis' juvenile police record. See § 211.271.3 R.S.Mo. ("After a child is taken into custody as provided in section 211.131, all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter."); 18 U.S.C. § 5038 (1988)(protects records of certain juvenile proceedings from being made available to "unauthorized persons").

Plaintiffs also cite to Webster Groves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371 (8th Cir. 1990) in support of their Motion to Strike or Remove Mardis' police record. In that case, a publishing company sought to open the proceedings of a civil lawsuit between a student and a school district. Id. at 1373. The Eighth Circuit affirmed the district court's decision to seal the court file to prevent the public dissemination of a juvenile's sensitive information. Id. at 1377. That case is distinguishable for several reasons. First, Mardis is no longer a minor and, therefore, the "compelling state interest" in "safeguarding the physical and psychological well-being of a minor" is a less compelling interest. Id. at 1375 (citing Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982)). Second, unlike in Webster Groves School Dist. v. Pulitzer Pub. Co, the records here have already been disclosed to Defendants, who seek to use those records only in this case. The Court will not strike Mardis' juvenile police record from this Court's

record because the police report is relevant to Plaintiffs' claims against Defendants. Mardis' statements to police relate to the same issues that resulted in Defendants' decision to discipline Mardis. Further, the Court finds that Plaintiffs' privacy concerns will be adequately protected by placing his juvenile records under seal. Plaintiffs' Motion to Strike and Remove from the Record is denied.

In accordance with this Order, the Court grants, in part, Plaintiffs' Motion for Protective Order.[1] The Court will seal Exhibit C (Doc. No. 42-4). The remainder of Plaintiffs' Motion for Protective Order is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike and Remove from the Record (Doc. No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order (Doc. No. 49) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall place Exhibit C to Document 42-4 under seal.

Dated this 17th day of December, 2009.

---

[1] In that Motion, Plaintiffs asked the Court to "enter a protective order requiring the defendants to disclose a copy of the records provided by the Hannibal Police Department to plaintiffs through their attorney, to enter an order directing that the records should not be disclosed, sealing and closing the records and further ordering that the records shall not be admissible in evidence." (Motion for Protective Order, ¶ 6).

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE